IN THE UNITED STATES DISTRICT COURT
FPR THE SOUTHERN DISTRICT OF ALABAMA

Keith Brian Cruitt,

   Plaintiff;      JURY TRIAL DEMANDED

V.                 Case Number: 18-CV-119-KD-m

City of Mobile, Alabama; Officer David C. Reyes; and RN Nurse Terri Milton;
John Doe Mayors and Chief of Police for the City of Mobile;
John Doe/Jane Doe Correctional Officer and Correctional Officers and
Correctional Warden and Sheriff of Mobile County, Alabama, et al.;
    Defendants.

************************************************************************************************

COMPLAINT

1.  The plaintiff states that he was assisted by defendant Officer David C. Reyes after the plaintiff was delayed from moving away from a red light after it turned green due to distractions caused by a passenger in the automobile he was legally driving. The said officer ignored the plaintiff's statements that he suffered from "traumatic brain injury resulting in imbalance disorder"; and a prior "broken ankle" and "glaucoma" that together cause him to present with blood shot eyes (glaucoma drops); and instability on his feet (prior broken ankle and imbalance disorder); which prompted the said officer to carry the defendant to the Mobile County Metro Jail where the plaintiff's statement regarding his medical conditions were ignored and made light of and where the said officer and several John doe/Jane Doe correctional officers abused the defendant by denying him access to a bathroom after he immediately and persistently requested that he be allowed "to take a piss," but his request was repeatedly denied by the concerted effort of the said police officer who blamed the correctional officer, and the correctional officer in turn blamed the said police officer, even after the plaintiff twice took the breathalyzer test that the said police officer stated must be taken before the plaintiff could be allowed to take a use the restroom to "take a piss." and the said police officer then stated that this plaintiff was refusing to take the breathalyzer test because he was demanding that he be allowed to use the restroom. After the plaintiff was then allowed to use the restroom, the police officer then refused to administer the breathalyzer test on the ground that the plaintiff had refused to take the breathalyzer test. During the course of the abuse, the said police officer repeatedly questioned and also made fun of the plaintiff's medical conditions. The plaintiff asserts that the exhibits that have been made a part of the instant complaint (Exhibits One and Exhibits Two) are audio/video recordations that prove that the plaintiff was subjected to above referenced conduct that violates Title 42 and Title 47 of the United States Code, known as the Americans with Disabilities Act, of 1990 (ADA), including changes made by the ADA Amendments Act of 2008 (P.L. 110-325); and Title 42 1983, (R.S. § 1979; Pub. L. 96–170, § 1, Dec. 29, 1979, 93 Stat. 1284; Pub. L. 104–317, title III, § 309(c), Oct. 19, 1996, 110 Stat. 3853.) Codification R.S. § 1979 derived from act Apr. 20, 1871, ch. 22, § 1, 17 Stat. 13); because this plaintiff was subjected conduct that caused him to be: "diminished [in his right to] fully participate in all aspects of society," to wit: his right to drive and then be properly tested for alcohol/drug impairment accusations, without being subjected to civil rights violations that follow from having his medical conditions ignored and his right to use the bathroom ignored, and then having his driver's license suspended on the ground that he refused to take a breathalyzer test. This plaintiff was subjected to: "discrimination" after having a "record of a disability." (See plaintiff's exhibits marked as: "Plaintiff's Exhibit Three"; Plaintiff's Exhibit Four"; and Plaintiff's Exhibit Five.") RN Nurse Terri Milton examined the plaintiff following the abuse and declared that the plaintiff was clearly not intoxicated, but also sad that her position as a "jail nurse" would make it impossible for her to testify in the plaintiff's favor unless the plaintiff compelled her testimony. The supervising John and Jane Doe defendants, i.e., the defendant wardens and sheriffs and police chiefs, failed to properly train the complained about defendants that demonstrated the violations of right outlined herein. This means that the City of Mobile, Alabama has failed in its duty to properly train its police officers in a manner consistent with the American with Disabilities Act.

RELIEF SOUGHT

2. The plaintiff was delayed in publishing his physics theory, which he values at $100-billion dollars, and he seeks all relief to which he may be entitled after the jury is presented with proof of loss of income caused by the delay in publishing the said physics theory on the internet that the said arrest caused.

SWORN TO UNDER PENALTIES OF PERJURY

3. The plaintiff states under the penalties for perjury provided for by the laws of the United States that the foregoing is true and correct.

Done this 14 day of March, 2018.

Respectfully submitted,

Keith B. Cruitt
333 Ridgewood Drive
Daphne, Alabama 36526
251-229-1758

2

Plaintiff's Exhibit One

Plaintiff's Exhibit Two