**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

KEITH BRIAN CRUITT,                    :

    **Plaintiff,**                         :

vs.                                    :    **CIVIL ACTION 18-0119-KD-B**

CITY OF MOBILE, ALABAMA, *et al.*,:

    **Defendants.**                        :


**REPORT AND RECOMMENDATION**


Plaintiff, who is proceeding *pro se* and *in forma pauperis*
(Doc. 11), filed a complaint under 42 U.S.C. § 1983 and the
Americans with Disability Act ("ADA").[1] In screening Plaintiff's
complaint, as required by the 28 U.S.C. § 1915(e)(B)(2), the
undersigned found deficiencies in his complaint and ordered that
he file amended complaints to cure the noted deficiencies in an
effort to have a proper complaint before the Court. *Pelletier v.
Zweifel*, 921 F.2d 1465, 1522 (11th Cir. 1991)(requiring a court to
"intervene at the earliest possible moment in the proceeding" when
faced with a complaint that does not comply with the Federal Rules
of Civil Procedure and require the plaintiff to replead his entire

---

[1] This action is referred to the undersigned for appropriate action
pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR
72(a)(2)(R).

case), *abrogated on other grounds Douglas Asphalt Co. v. QORE, Inc.*, 657 F.3d 1146, 1151 (11th Cir. 2011).  Because Plaintiff did not comply with the Court's orders to plead a complying amended complaint after being given several opportunities to do so, it is recommended that this action be dismissed with prejudice, prior to service of process, for failure to comply with the Court's orders.

"A district court has inherent authority to manage its own docket 'so as to achieve the orderly and expeditious disposition of cases.'"  *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscaping Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009)(quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, 2132, 115 L.Ed.2d 27 (1991)).  The Court's management of cases includes requiring a plaintiff to re-plead a complaint to avoid "the expenditure of much time and effort" by the court and a defendant in deciphering the pleadings as best they can. *Pelletier*, 921 F.2d at 1522.  The objective is to have a complaint that provides fair or adequate notice of plaintiff's claims to the defendants and the court.  *Weiland v. Palm Beach Cty. Sheriff's Office,* 792 F.3d 1313, 1323 (11th Cir. 2015).[2]  When a plaintiff

_____

[2]  In *Weiland,* the Eleventh Circuit discusses "shotgun pleadings" and sorts them into four general categories.  The fourth category is present in Plaintiff's pleadings, that "of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.*  The court observed that "[t]he unifying characteristic of all types of

2

does not comply with a court's order, a district court has the discretion to "dismiss a claim if the plaintiff fails to prosecute it or comply with [the Federal Rules of Civil Procedure or] a court order." FED.R.CIV.P. 41(b). "'The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Court.'" *Equity Lifestyle Prop.*, 556 F.3d at 1240 (quoting *Durham v. Fla. East Coast Ry. Co.*, 385 F.2d 366, 367 (5th Cir. 1967)).

## I. Posture of Action.

### A. Original Complaint (Doc. 1).

On March 14, 2018, Plaintiff commenced this action by filing a 4-page, single-spaced, typewritten complaint in a small font[3] against the City of Mobile, Alabama, Police Officer David C. Reyes, RN Terri Milton, and John and Jane Does (Mayors of Mobile, the Chief of Police of Mobile, correctional officers, Correctional

---

shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." (*Id.*).

[3] Rule 5 of the Local Rules requires pleadings to be double-spaced, have margins of one-inch on all four sides, and be in a Roman-style, or similar, with a font of 12 point or larger. S.D. ALA. GENLR 5(a). *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir.) (holding that a *pro se* litigant "is subject to the relevant law and rules of court including the Federal Rules of Civil Procedure"), *cert. denied*, 493 U.S. 863 (1989).

Warden, and the Sheriff of Mobile County). (Doc. 1 at 1). According to Plaintiff, Defendant Officer Reyes arrested him after he hesitated in proceeding through a traffic light once it turned from red to green. (*Id.*). Plaintiff contends that Defendant Reyes ignored his statements that his passenger had caused a distraction, and that he suffered from (1) a traumatic brain injury that caused an imbalance disorder, (2) a prior broken ankle that contributed to his instability, and (3) glaucoma that was treated with medication that caused redness in his eyes. (*Id.*). Plaintiff also alleges that he was transported to Mobile County Metro Jail, where his medical conditions were ignored and made light of and where correctional officers and Defendant Reyes repeatedly denied his multiple requests to use the restroom. (*Id.*). Per Plaintiff, he was twice denied access to a bathroom *after* he took the breathalyzer test. (*Id.*). Plaintiff then alleges that Defendant Reyes accused him of refusing to take the breathalyzer test because "[Plaintiff] was demanding that he be allowed to use the restroom", and after Plaintiff was allowed to use the restroom, Defendant Reyes refused to administer the breathalyzer test because he said Plaintiff had refused to take the breathalyzer test. (*Id.*). Plaintiff maintains that as a result, his driver's license was suspended for refusal to take a breathalyzer test, and that this constitutes discrimination on account of his disability. (*Id.*).

Plaintiff claims that Defendant RN Milton examined him after the "abuse" and declared that he clearly was not intoxicated, but, as the jail nurse, she could not testify unless compelled to do so. (*Id.*). Plaintiff also asserts that the supervising John/Jane Doe Defendants (wardens, sheriffs, and police chiefs) failed to properly train Defendants with respect to his complained of violation (*id.*), and Defendant City of Mobile failed in its duty to properly train its police officers in their responsibilities under the ADA. (*Id.*). Plaintiff attached as exhibits two audio/video recordings, which he alleges show that he was subjected to abuse. (*Id.*).

For relief, Plaintiff claims that the publication on the internet of his physics theory, which he values at $100 billion, has been delayed by his arrest, and he seeks compensation for the loss of income caused by the delay. (*Id.* at 2).

**B.  First Amended Complaint (Doc. 5-1).**[4]

Plaintiff next filed a Motion to Refile his Complaint. (Doc. 5).  In his first amended complaint (Doc. 5-1), Plaintiff stated that he was arrested on April 15, 2018[5] and added Defendants City

---

[4] The Court has referenced the amended complaints in the order they appear on the docket sheet.

[5] In later pleadings, Plaintiff changed the date of this arrest to April 15, 2017.

Council of Mobile, Alabama, Shirlina Monterro, and A. Holmes Whiddon, Jr. (*Id.* at 1). The amended complaint was allowed as a matter of right. (Doc. 7).

**C. Second Amended Complaint (Doc. 8).**

Plaintiff filed another Amended Complaint on May 10, 2018, which appears to be a copy of the original complaint he filed on March 14, 2018. (Doc. 8).

**D. Third Amended Complaint (Doc. 9).**[6]

Plaintiff's third amended complaint, filed on June 5, 2018, consists of 17 single-spaced pages typed in a small font. Plaintiff provided names for some of the previously unidentified John and Jane Doe Defendants, added numerous other Defendants,[7] (Doc. 9 at 1), and essentially reiterated the basis for his claim, but added more details, and included statements of law and legal arguments. (*Id.* ¶¶ 10, 22, 27, 32).

**E. Fourth Amended Complaint (Doc. 19).**

Subsequent thereto, Plaintiff filed a Motion to Refile the Complaint (Doc. 12). The Court found Plaintiff's (third) amended

---

[6] Plaintiff indicates in his docket entry that this amended complaint is his second amended complaint. (Doc. 9).

[7] From a review of Plaintiff's amended complaints in this action, a pattern emerges in the amended complaints of Plaintiff reiterating the original claim with additional factual detail and adding the names of the fictitious defendants, new defendants, and new claims as they arose.

complaint (Doc. 9) deficient and ordered Plaintiff to file an amended complaint specifying the conduct for which each Defendant was responsible and clarifying the cause of action he was asserting against each Defendant. (Doc. 13). Plaintiff was cautioned that his claims against fictitious parties would not be allowed to proceed in federal court and was warned that his request for relief appeared frivolous and fantastic. (*Id.* at 6-7). He was further advised that his allegations must show plausibility as required by the decisions in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*id.* at 2), and the *Twombly* and *Iqbal* holdings were explained to him. (*Id.* at 2-3). Plaintiff was warned that his failure to file an amended complaint that addressed and corrected the noted deficiencies on or before August 28, 2018 would result in a recommendation that the case be dismissed. (*Id.* at 9).

Thereafter, Plaintiff filed multiple motions to enlarge the time to file an amended complaint. (Doc. 14, 16). The Court ultimately extended the time to October 12, 2019. (Doc. 17). Plaintiff filed another motion to extend the time to file an amended complaint on October 15, 2018. (Doc. 18). Along with the motion, Plaintiff filed his fourth amended complaint. (Doc. 19).

In the fourth amended complaint, Plaintiff named

approximately 57 Defendants (Doc. 9), most of whom he provided little factual background and some of whom he did not provide a name. (Doc. 19 at 4-6). Plaintiff also repeated information from his original complaint and amended complaints and repeated information within the amended complaint itself. Plaintiff also lumped the names of approximately 22 Defendants into a paragraph stating that each failed in their duties to properly train their police officers in how to interact with persons with disabilities. (*Id.* ¶ 24). *See George v. Smith,* 507 F.3d 605, 607 (7th Cir. 2007) (holding that "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, . . . to prevent the sort of morass that this 50-claim, 24-defendant suit produced").

**F. Fifth Amended Complaint (Doc. 20).**

The following day, October 16, 2018, Plaintiff filed another amended complaint against the same Defendants. (Doc. 20). He divided the body of the amended complaint into part A, which contained the conduct that occurred before the present complaint, and part B, which contained the retaliatory conduct that occurred after the complaint was filed. (*Id.* at 5). Part B reflected that he was arrested for speeding on July 7, 2017 and issued a second ticket for driving with a suspended license. (*Id.* at 6).

8

Plaintiff's incoherent and disjointed allegations related to matters ranging from stalking, to narcotics, to employment issues. (*Id.* at 6-8).

Upon review of Plaintiff's fifth amended complaint (Doc. 20), the Court ordered Plaintiff to file another amended complaint, which corrected the deficiencies that it had previously noted in the pleading of his claims. (Doc. 21). The Court informed Plaintiff that his original complaint concerned a single incident arising out of his arrest for DUI on April 15, 2017 by Officer Reyes of the Mobile Police Department and that he must bring any claims based on his unrelated DUI arrest that occurred on October 13, 2018 by Officer Andrews of the Daphne Police Department in another action. (*Id.* at 3-4). He was also warned again against bringing frivolous and fantastical claims as they are barred by 28 U.S.C. § 1915(e)(2)(B)(i) (*id.* at 5) and that his failure to timely file an amended complaint addressing and correcting the noted deficiencies would result in a recommendation to dismiss this action. (*Id.* at 6).

### G. Sixth Amended Complaint (Doc. 22).

Two days after the order was entered, Plaintiff, on October 19, 2018, filed yet another amended complaint. (Doc. 22). Subsequent thereto, Plaintiff filed a motion to set aside the amended complaint, namely Document 22 (Doc. 23), on the ground

9

that it was filed before he received the Court's order issued October 17, 2018.

**H.   Seventh Amended Complaint (Doc. 24).**

On October 22, 2018, Plaintiff filed his seventh amended complaint directed to approximately 58 Defendants, against most of whom he did not include any specific factual allegations. (Doc. 24).   In addition, most of the allegations were previously presented in his original complaint and amended complaints.

**I.   Eighth Amended Complaint (Doc. 25).**

On October 22, 2018, Plaintiff filed another amended complaint (Doc. 25), which is indistinguishable from his amended complaint at Document 24.   The Court struck Plaintiff's amended complaint (Doc. 25) because it did not comply with the Court's order dated October 17, 2018 (Docs. 21, 26).   On October 24, 2018, Plaintiff was granted leave to file another amended complaint that complied with the Court's order and was warned that if he persisted in ignoring the Court's directives, a report and recommendation would be issued recommending that his action be dismissed for his repeated failures to comply with the Court's orders.   (Doc. 26).

**J.   Ninth Amended Complaint (Doc. 27).**

On November 2, 2018, Plaintiff timely filed a 15-page, single-spaced amended complaint typed in small font. (Doc. 27). In this document, Plaintiff named an additional 143 Defendants and, as

before, Plaintiff did not allege a specific factual claim against each Defendant nor did he indicate the specific conduct for which each Defendant was purportedly responsible, as required by the October 17, 2018 order. (Doc. 21 at 3). Plaintiff continued to allege a conspiracy involving his October 13, 2018, DUI arrest in Daphne, despite being explicitly instructed by the Court to include "only allegations and claims related to and arising out of the alleged incident occurring on **April 15, 2017**, in which he was arrested for DUI by Office Reyes of the Mobile Police Department." (*Id.* at 4) (emphasis in original).

The Court again advised Plaintiff that Rule 10(b) required that he state his claims "in numbered paragraphs, each limited as far as practicable to a single set of circumstance," FED.R.CIV.P. 10(b) (*id.* at 2); that his allegations must a give a defendant fair notice of the claim against him or her and the factual grounds of the claim; and that his allegations must be more than mere "labels and conclusions" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]." He was instructed to use the *Pro Se Litigant Guide*, which he had been previously given. (*Id.* at 6).

Plaintiff requested $10 million in damages, equitable relief, and emergency relief[8] to prevent the cities of Mobile and Daphne

---

[8] This request for emergency relief was also brought in a separate motion that Plaintiff filed with the amended complaint, namely, Motion for Emergency Hearing Regarding Emergency Injunctive Relief

from incarcerating him prior to a trial on the DUI charges.  (*Id.* at 15).

### K.  **Tenth Amended Complaint (Doc. 29).**

Plaintiff filed another amended complaint and indicated in his docket entry that it was a corrected version of his ninth amended complaint.[9]  (Doc. 29).  At 1(c)(p. 7), Plaintiff stated that "[t]his court should regard this complaint as and entirely superseding complaint relative to the initial complaint."  (Doc. 29 at 7).  Thus, Plaintiff's corrected tenth amended complaint (Doc. 29) will supersede his original complaint and numerous amended complaints.  *See Dresdner Bank AG v. M/V Olympia Voyager,* 463 F.3d 1210, 1215 (11th Cir. 2006)(an amended complaint takes the place of an original complaint).

An examination of the tenth amended complaint shows that Plaintiff named the same Defendants, as he did in the ninth amended complaint, and in the same number.  (Doc. 29 at 1-2).  The deficiencies that existed in the ninth amended complaint were not remedied through his corrections in this amended complaint.

With this being Plaintiff's final amended complaint, the

---

Requested in the Amended Complaint. (Doc. 28).

[9]  Since the filing of the tenth amended complaint and motion on November 6, 2018 (Docs. 29, 30), the Court's only contact with Plaintiff has been his filing of the notice of change of address to the City of Daphne Jail on December 10, 2018.  (Doc. 31).

Court finds that the tenth amended complaint is not "a short and plain statement" of his claim as required by Rule 8(a), of which he was previously informed by the Court's prior orders. It does not inform each Defendant of the claim(s) against him or her and the factual basis for the claim(s), which is necessary in order to provide a Defendant with fair notice of the claim lodged against him or her. *Leatherman v. Tarrant Cty. Narcotics Intelligence & Coordination Unit,* 507 U.S. 163, 168, 113 S.Ct. 1160, 1163, 122 L.Ed.2d 517 (1993); FED.R.CIV.P. 8(a). Furthermore, the tenth amended complaint fails to follow the Court's prior orders to comply with Rule 10(b), which requires "[a] party [to] state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances. . . . If doing so would promote clarity, each claim founded on a separate transaction or occurrence. . . must be stated in a separate count[.]" FED.R.CIV.P. 10(b). Furthermore, the tenth amended complaint does not comply with Rule 20(a)(2), which provides that defendants may be joined in one action if "(A) any right to relief is asserted against them aris[es] out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED.R.CIV.P. 20(a)(2)(A),(B); *see Skillern v. Ga. Dep't of Corrs. Comm'r,* 379 F. App'x 859, 860 (11th Cir. 2010) (affirming the

dismissal without prejudice for failure to comply with the Magistrate Judge's order to show that his claims arose out of the same transaction, occurrence, or series of transactions and occurrences).[10]

Moreover, the tenth amended complaint fails to provide facts related to each Defendant and to the actions or policies of each named defendant that deprived him of a constitutional or federal right. An overwhelming majority of Defendants are listed in the style of case and then in a paragraph where Plaintiff states: "[T]his court's jurisdiction in this complaint extends to the policies and procedures that the State Senate and State Representative Defendants, [listing these numerous Defendants by name]; caused to be brought into execution or have failed to be caused to be brought into execution prior to the instant facts of April 15, 2017 complained about herein, or that accrued after the instant facts of April 15, 2017." (*Id.* at 1-2, 5). No facts were supplied to clarify this vague allegation and to advise each Defendant of the complained of action that he or she took. Furthermore, the tenth amended complaint contains allegations related to Plaintiff's October 13, 2018 DUI arrest by Defendant

---

[10]  "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."  11TH CIR. R. 36-2 (2005).

Andrews of the Daphne Police Department, which the Court expressly ordered him not to include. Plaintiff's attempt to bind these two events together with a conspiracy allegation fails because the conspiracy allegation is conclusory and alleges nothing more than ordinary actions taken by judicial officials and law enforcement officials in apprehending someone who has failed to appear for a hearing. (*Id.* at 3-7, 13-16); *see Harvey v. Harvey,* 949 F.2d 1127, 1133 (11th Cir. 1992) (holding that a § 1983 conspiracy was not stated by "merely string[ing] together the discrete steps of the commitment process, without showing contacts between the appellees that could prove private and alleged state actors had 'reached an understanding' to violate her rights"); *Twombly*, 550 U.S. at 557, 127 S.Ct. at 1966.

In sum, Plaintiff's last amended complaint is not a "short and plain statement" as required by Rule 8(a). It is a rambling single-spaced sixteen-page document that is typed in a small font, and names approximately 199 Defendants, many of whom do not have specific facts lodged against them. Plaintiff has not followed the Court's directions for pleading a proper complaint but has instead blatantly disregarded its orders. In fact, with each amended complaint filed after his original complaint, Plaintiff as moved further away from pleading "a short and plain statement" by adding more Defendants and claims arising from subsequent events.

## II.  Analysis.

Because Plaintiff is proceeding *in forma pauperis*, the Court is required to screen his complaint.  28 U.S.C. § 1915(e)(2)(B). The screening process requires the Court to dismiss a complaint if it is frivolous, fails to state a claim upon which relief can be granted, or sues a defendant for damages who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B)(i-iii).  In addition, district courts, when confronted with a complaint that is not a "short and plain statement," are required to intervene at the earliest opportunity to require the plaintiff to replead his complaint by filing a complying amended complaint.  *See Pelletier,* 921 F.2d at 1522 n.103.  "[I]t is particularly important for district courts to undertake the difficult, but essential, task of attempting to narrow and define the issues from the earliest stages of the litigation.  Absent such efforts, shotgun notice pleadings . . . would impede the orderly, efficient, and economic disposition of disputes."  *Ebrahimi v. City of Huntsville, Bd. of Educ.,* 114 F.3d 162, 165 (11th Cir. 1997).

In screening Plaintiff's original complaint and ten amended complaints, the Court worked with Plaintiff to have a proper complaint before the Court that complied with the legal requirements for stating a claim and with the Federal Rules of Civil Procedure.  The Court entered three orders instructing

Plaintiff about pleading his claims and ordering him to file amended complaints to correct the noted deficiencies using the pleading instructions it provided. (Docs. 13, 21, 26).

In the Court's first order (Doc. 13), entered on August 14, 2018, the Court advised Plaintiff of his complaint's pleading deficiencies, namely, rambling allegations, insufficient factual information for notice of his claim to each Defendant, absence of allegations against some Defendants, use of fictitious-party pleading, and a less than credible request for damages. He was also advised of the pleading requirements for stating a claim and directed to use the *Pro se Litigant Guide*, which was previously sent to him. (Doc. 13 at 2-4; Doc. 4).

After filing for three extensions of time (Docs. 14, 16, 18), Plaintiff filed his fourth amended complaint (Doc. 19) and a fifth (corrected) amended complaint (Doc. 20). Upon review of these amended complaints, the Court found that Plaintiff "continued to name defendants without specifying for each defendant (1) the conduct for which that particular defendant is responsible and (2) the precise cause of action(s) being asserted against that defendant based on the conduct for which that particular defendant is responsible." (Doc. 21 at 2-3). And, the Court observed that Plaintiff included claims from two separate, unrelated incidents, specifically, the April 15, 2017 DUI arrest in Mobile by Defendant

17

Reyes, a City of Mobile Police Officer, and claims arising a year and a half later, from a DUI arrest on October 13, 2018, in Daphne by Defendant Andrews, a City of Daphne Police Officer. (*Id.* at 4).

The Court granted Plaintiff "one final opportunity to correct the deficiencies noted herein by filing an amended complaint," stressed and reiterated that the amended complaint must contain factual allegations relevant to each claim and to each defendant, and it must specify the conduct for which each defendant is responsible and clarify which cause of action he is asserting against each Defendant. (*Id.*). The Court further ordered Plaintiff to bring only claims related to and arising from April 15, 2017 DUI arrest by Officer Reyes of the Mobile Police Department, and not unrelated claims, such as his arrest for DUI on October 13, 2018 by Officer Andrews of the Daphne Police Department. (*Id.*).

Eventually, an amended complaint was filed in response to the order, but it was stricken because it failed to comply with the Court's order dated October 17, 2018. (Docs. 22, 23, 24, 25, 26). The Court granted Plaintiff until November 2, 2018 to file a complying amended complaint. (Doc. 26). The Court warned Plaintiff if he persisted in ignoring the Court's directives, a recommendation would be entered dismissing his action for repeated

18

failures to obey the Court's orders. (*Id.*). Plaintiff filed his amended complaint and then a subsequent amended complaint (Docs. 27, 29), which he identified as superseding all prior complaints, and which the Court found, *supra,* did not comply with its pleading directives and the Federal Rules of Civil Procedure.

Rule 41(b) of the Federal Rules of Civil Procedure provides for the dismissal of an action when a plaintiff fails to prosecute or to comply with a court order. FED.R.CIV.P. 41(b); *Betty K Agencies, Ltd. v. M/V MONADA,* 432 F.3d 1333, 1337 (11th Cir. 2005)(a court on its own motion may dismiss an action pursuant to Rule 41(b)). Additionally, "a court also has the inherent ability to dismiss a claim in light of its authority to enforce its orders and provide for the efficient disposition of litigation." *Zocaras v. Castro,* 465 F.3d 479, 483 (11th Cir. 2006) (citing *Link v. Wabash R.R.,* 370 U.S. 626, 630–31, 82 S.Ct. 1386, 1389, 8 L.Ed.2d 734 (1962)). To dismiss an action with prejudice, the court must "find[] a clear record of delay or willful conduct and that lesser sanctions are inadequate to correct such conduct." *Betty K Agencies, Ltd.*, 432 F.3d at 1339.

In the present action, after Plaintiff filed his original complaint, he began filing amended complaints, which consistently provided additional facts for his original claims and expanded the events and claims and increased the number of Defendants. This

pattern of continually offering amended complaints on his own accord delayed the progress of his action and its screening. While the Court intervened and provided Plaintiff with pleading instructions, and gave him repeated opportunities to file a proper amended complaint, he ignored such instructions. Each time that the Court gave Plaintiff the opportunity to file an amended complaint, he filed an amended complaint that failed to comply with the order's pleading instructions and the Federal Rules of Civil Procedure. By his repeated failure to comply with the Court's orders, which appears obstinate given his repeated inclusion of claims that he was repeatedly warned were improper in a single action, Plaintiff has delayed this action and has caused the unnecessary expenditure of the Court's resources in handling his non-complying amended complaints.

In considering Plaintiff's conduct, and whether to dismiss this action, the Court weighs the type of sanction that would be a deterrent to Plaintiff's repetitious filing of non-complying amended complaints and how to limit the Court's involvement in handling any subsequent filings by him. The imposition of a monetary sanction would extend the Court's involvement, particularly in light of Plaintiff's *in forma pauperis* status. Furthermore, Plaintiff is well aware and has been made aware on more than one occasion that his failure to comply with the Court's

order regarding his pleading would result in the dismissal of his action.  Because Plaintiff was given several opportunities to file a proper amended complaint and did not do so, and after considering lesser alternatives, a more fitting sanction is to dismiss this action and to do so with prejudice due to Plaintiff's repeated failures to comply with the Court's orders, which has resulted in an extensive expenditure of the Court's time.  *Birdette v. Saxon Mortg.*, 502 F. App'x 839, (11th Cir. 2012)(affirming the dismissal with prejudice because  plaintiffs were unable to file a complying amended complaint even after they had filed numerous amended complaints, had been advised how to replead their complaint to state a claim, and had been warned that the failure to comply would result in dismissal); *cf. Marshall v. Aryan Unlimited Staffing Solution/Faneuli Inc./MacAndrews Holding,* 599 F. App'x 896, 898 (11th Cir. 2015) (holding that a *pro se* plaintiff must be given one chance to amend the complaint before the action is dismissed with prejudice).

**III.  Conclusion.**

Based upon the foregoing reasons, it is recommended that this action be dismissed with prejudice, prior to service of process, for Plaintiff's failure to comply with the Court's orders.[11]

---

[11] It is further recommended that the pending motions, namely, Motion to Enlarge Time for Filing Complaint (Doc. 18), Motion to Set Aside Document 22 (Doc. 23), Motion for Emergency Hearing

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. See 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. Gen.LR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

---

Regarding Emergency Injunctive Relief Requested in the Amended Complaint (Doc. 28), and Motion for Emergency Hearing Regarding Emergency Injunctive Relief and Continuing Injunctive Requested in the Amended Complaint Six Corrected (Doc. 30), be denied as moot in light of the Report and Recommendation.

Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **4th** day of **April, 2019.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**